IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN,<br><br>          Plaintiffs,<br><br>     v.<br><br>HYFORM SPLICING, LLC and TIMOTHY HY,<br>          Defendants. | CIVIL ACTION<br><br>No. 15-549 |

MEMORANDUM

This 5th day of November, 2015, upon consideration of Plaintiffs' Motion for Entry of Default Judgment, and noting that Defendants have not responded to the Motion, it is **ORDERED** that Plaintiffs' Motion is **GRANTED** for the reasons that follow.

**I. Factual/Procedural History**

Plaintiffs brought this action on February 4, 2015 to recover damages pursuant to §§ 404, 409, 502, and 515 of the Employee Retirement Income Security Act ("ERISA") and § 301(a) of the Labor Management Relations Act ("LMRA"). Compl. at 1. The Complaint alleges that at all times relevant to this matter, Plaintiffs and Defendants have been parties to a series of Collective Bargaining Agreements ("CBA") and Trust Agreements. Compl. at ¶¶ 5, 8. Through these agreements, Defendant Hyform Splicing, LLC agreed to pay contributions to the Plaintiffs'

Funds based upon the number of hours worked by and wages paid to each of its employees covered by the CBA.  Compl. at ¶ 6.

The Complaint alleges that a payroll audit for the period of July 1, 2011 through July 31, 2013 revealed Defendant Hyform Splicing, LLC failed to pay $75,487.51 in required contributions.  Compl. at ¶ 12.  Plaintiffs now seek to recover these unpaid contributions, as well as interest, liquidated damages, attorney's fees and costs, and reimbursement of the costs necessary to complete the payroll audit revealing this deficiency.  Mot. for Entry of J. by Default at 2.

The Complaint also alleges that Defendants have repeatedly failed to submit timely reports and contributions as required by the CBA and Trust Agreements.  Compl. at ¶ 18.  Plaintiffs now seek a court order requiring Defendants to comply with their obligations.  Mot. for Entry of J. by Default at 2.

Finally, the Complaint alleges that Defendant Timothy Hy is an owner and officer of Defendant Hyform Splicing, LLC, that he exercised authority and control over plan assets, and that he used those assets to pay other creditors.  Compl. at ¶¶ 21, 27.  Plaintiffs therefore seek to hold Defendant Timothy Hy jointly and severally liable as a fiduciary to the Plaintiffs' Funds.  Mot. Entry of J. by Default at 2, Compl. at ¶¶ 27–28.

Defendant Hyform Splicing, LLC was served with the Summons and Complaint on February 24, 2015, and Defendant Timothy Hy was served on March 2, 2015.  Docket No. 2.  Plaintiffs filed a Praecipe for Entry of Default on March 26, 2015, and the Clerk entered default on the same day.  Docket No. 3.  Plaintiffs then filed a Motion for Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure and served Defendant with that Motion on April

10, 2015.  Docket No. 4.  To date, Defendant has not appeared in this action or otherwise responded to Plaintiffs' Complaint or Motion for Default Judgment.

**II. Default Judgment Standard**

Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Following the entry of default, the clerk may enter a default judgment if the plaintiff's claim is for a sum certain, but otherwise the plaintiff must apply to the court for judgment.  Fed. R. Civ. P. 55(b)

Following the prerequisite entry of default, the decision to enter a default judgment is left to the court's discretion.  *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir.1984).  This discretion is not unlimited, however.  "[I]n exercising its discretion, the trial court must consider three factors: 1) whether the plaintiff will be prejudiced if the default is lifted; 2) whether the defendant has a meritorious defense; and 3) whether the default was the result of the defendant's culpable misconduct." *Id.* at 1181.  Under ERISA, a plan is still required to pay benefits to participants regardless of whether an employer makes its contributions to the plan. *See* 29 C.F.R. § 2530.200b-2.  Thus, "[i]f the plan at issue is part of a multi-employer contribution system, as here, any delinquent contributions owed by a covered employer impairs the plan's ability to pay both the beneficiaries of the delinquent employer as well as employees of companies who have made their contributions." *Carpenters Health & Welfare Fund v. Bold & Clauss Constr., Inc.*, No. 05-04858, 2006 WL 782051 (E.D. Pa. Mar. 23, 2006).  Therefore, I find that Plaintiffs will be prejudiced if default judgment is not entered.  Since the Defendant has filed no responsive pleadings, the Court is not in a position to determine whether the Defendant

has a "meritorious defense" or whether the default was the result of misconduct. As the docket indicates that Defendants were properly served, I am confident that I may enter a default judgment.

### III. Assessing Liability and Damages

In considering a Motion for Default Judgment, the court should accept as true any factual allegations of the Complaint, except those related to the amount of damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10 Charles Alan Wright et al., *Federal Practice and Procedure*, § 2688 at 444 (2d ed. 1983). In addition, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure*, § 2688 at 444 (2d ed. 1983). I will consider each count of the Complaint in turn to determine whether Plaintiffs have stated a legitimate cause of action, and if so, what is the appropriate amount of damages.

  *A. Count I: Unpaid Contributions Revealed by Payroll Audit*

Count I of Plaintiffs' Complaint seeks statutory damages related to unpaid contributions revealed by the payroll audit. ERISA provides that an employer obligated to make contributions to a multiemployer plan under the terms of a CBA must make those contributions in accordance with the terms and conditions of the agreement. 29 U.S.C. § 1145. A plan fiduciary is permitted to sue an employer who fails to make such required contributions. 29 U.S.C. § 1132(a). If judgment in favor of the plan is awarded, the court must award the plan:

  (A) the unpaid contributions,
  (B) interest on the unpaid contributions,
  (C) an amount equal to the greater of—
    (i) interest on the unpaid contributions, or
    (ii) liquidated damages provided for under the plan in an amount not in
    excess of 20 percent (or such higher percentage as may be permitted under

>> Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).  Interest is determined using the rate provided for by the plan, or if none, a statutory rate.  *Id.*

The facts alleged in the Complaint, supported by evidence of the Accountant's Report attached to the Complaint as Exhibit 2, show that Hyform Splicing, LLC failed to make a total of $75,487.51 in contributions required by the CBA.  In addition to that amount, Plaintiffs are entitled to interest on that sum at the rate provided for in Article VI, Paragraph Six of each Trust Agreement, which is the rate charged by the Internal Revenue Service at the time of the delinquency.[1]  Plaintiffs are also entitled to liquidated damages in the amount of 20 percent of the principle, also as provided for in Article VI, Paragraph Six of each Trust Agreement.  Plaintiffs have also requested $1,730.00 in attorney's fees and costs.  Mem. In Supp. of Mot. for Default J. at 12.  Plaintiffs have provided an accounting of the attorney's fees and court costs that I find demonstrate the requested amounts are entirely reasonable.

Plaintiffs also request that they be reimbursed $2,185.00 for the cost of conducting the audit revealing the unpaid contributions.  Mem. In Supp. of Mot. for Default J. at 12.  It is unclear whether this is the sort of "cost" to which a plaintiff is entitled under ERISA.  However, the Trust Agreement explicitly states that an employer will be obligated to pay the costs of a routine audit in the event that the Trustees file a lawsuit to collect a deficiency disclosed by the audit.  Trust Agreement, Article VI at ¶ 8; Compl. at ¶ 11.  Several Circuit Courts have

---

[1] The IRS federal interest rate is the sum of the Federal short-term rate, plus three percentage points.  26 U.S.C. § 6621(a).  The audit revealed deficiencies owing through a period ending in July 2013, at which time the Federal short-term rate applicable was 0.23 percent.  Rev. Rul. 2013-15, 2013-28 I.R.B. 47 (2013).  Therefore, I calculate the interest due at a rate of 3.23 percent.

interpreted similar plan provisions to mean that the plan was entitled to recover the costs of the audit revealing a delinquency, based on a theory of contractual liability under the CBA and trust agreements.  *See Carpenters Amended & Restated Health Benefit Fund v. John W. Ryan Const. Co.*, 767 F.2d 1170, 1175 (5th Cir. 1985); *Contractors, Laborers, Teamsters and Engineers Health and Welfare Plan v. Hroch,* 757 F.2d 184, 189 (8th Cir.1985); *Bricklayers' Local Union No. 8 Pension Fund v. Masonry Contractors, Inc.*, 721 F.2d 326, 327 (11th Cir. 1983) ("[W]e have some doubt as to whether the … work connected with the audit is compensable as "costs." We need not determine whether such auditing costs are within the ambit of § 1132, however, because a contractual basis for an award of these costs clearly exists.").  I therefore find that Plaintiffs are entitled to recovery of this cost on a contractual basis.

  *B. Count II: Injunction to Compel Compliance with Agreements*

  Plaintiffs also request a court order enjoining further violations of the employee benefit plans.  Mot. Entry of Judgment by Default at 7.  This relief is an appropriate form of equitable relief, and Defendants should take note that violation of this Order may subject them to penalties for contempt.

  *C. Count III: Fiduciary Liability*

  Finally, Plaintiffs seek to hold Defendant Timothy Hy jointly and severally liable as a plan fiduciary for all of the above requested amounts.  Compl. at ¶ 27.

  ERISA considers a person to be a plan fiduciary if he "exercises any authority or control respecting management or disposition of [the plan's] assets."  29 U.S.C. § 1002(21)(A)(i).  A plan fiduciary "who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries shall be personally liable to make good to such plan any losses to the plan resulting from each such breach …" 29 U.S.C. § 1109(a).

First, it is clear that the unpaid contributions discussed above are plan assets. Plan assets include any "amounts that a participant has withheld from his wages by an employer[] for contribution." 29 C.F.R. § 2510.3-102. Second, the pleadings submitted by Plaintiffs support a finding that Defendant Hy "exercised authority or control" over the disposition of the plan's assets and breached his attendant duties. Plaintiffs allege that Defendant Hy, as owner and officer of Hyform Splicing, LLC, entered the CBA on behalf of Hyform Splicing and was thereby obligated to make the appropriate deductions from employee paychecks and forward the contributions to the Plaintiffs. Compl. at ¶ 22. Plaintiffs further allege that Defendant Hy collected the amount of the contributions discussed above by withholding wages, but he deposited that money into Hyform Splicing, LLC's general accounts and used it for other purposes. Compl. at ¶ 24. Accepting as true the factual allegations of the Complaint, *Corbin*, 908 F.2d at 1149, I find that Defendant Hy may therefore be held personally liable as a plan fiduciary. *See, e.g.*, *Trustees of the Nat. Elevator Indus. Pension Plan v. Universal Elevator Corp.*, No. CIV.A. 11-3381, 2011 WL 5341008, at *2–3 (E.D. Pa. Nov. 3, 2011) (imposing fiduciary liability against an individual who failed to remit employee contributions to the plaintiff trust funds and commingled plan assets).

## IV. Conclusion

Judgment will therefore be entered in favor of Plaintiffs in the following amounts:

$75,487.51 in unpaid contributions;

$2,438.25 in interest;

$15,097.50 in liquidated damages;

$1,730.00 in attorney's fees and costs; and

$2,185.00 in audit fees.

Post-judgment interest will continue to run at the rate charged by the Internal Revenue Service from the date of the judgment until paid, together with any additional reasonable attorney's fees and costs necessarily incurred to achieve satisfaction of the judgment.

It shall further be ordered that Defendants comply with their obligations according to the CBA and Trust Agreements.

An appropriate order follows.

    /s/ Gerald Austin McHugh
United States District Court Judge